FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 MAR 31 PM 3:47

U.S. DISTRICT COURT
N.D. OF ALABAMA

JANE COMPTON,                      }
                                   }
    Plaintiff,                     }
                                   }
v.                                 }    CASE NO. CV 97-B-0753-S
                                   }
CORPORATE BENEFIT SERVICES         }
OF AMERICA; CONGRESS LIFE          }
INSURANCE COMPANY, INC.; and       }
H.R. JONES, JR., individually and as }   ENTERED
Agent of Congress Life Insurance   }
Company, Inc.,                     }    MAR 31 1998
                                   }
    Defendants.                    }

## MEMORANDUM OPINION

Currently before the court is the Motion of plaintiff, Jane Compton ("Ms. Compton" or "plaintiff"), to Remand this action to state court. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand is due to be denied.

Defendants removed the case to federal court, arguing that Ms. Compton's claims arise under the laws of the United States because they "relate to" an employee benefit plan under the Employment Retirement Income Security Act of 1974 ("ERISA").[1] Ms. Compton has moved to remand, arguing that her claims do not "relate to" an employee benefit plan, because of the exclusion from ERISA preemption contained in Department of Labor Regulation 29 C.F.R.

---

[1] In their Notice of Removal, defendants argue that, alternatively, the court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states where the matter in controversy exceeds $75,000. Because the court asserts jurisdiction over this action on the basis of ERISA preemption rather than diversity jurisdiction, the court will not address the parties' arguments concerning diversity jurisdiction.



§ 2510.3-3(c)(1).

## FACTUAL SUMMARY

Plaintiff Jane Compton is married to Floyd Compton ("Mr. Compton"), the sole owner of Floyd Compton Motors, Inc. As a benefit of employment, Floyd Compton Motors, Inc. paid premiums on health insurance policies for several of its employees. (*See* Ex. B attached to Defs.' Resp. to Pl.'s Mot. to Remand.) In March of 1994, while working as an employee of Floyd Compton Motors, Inc., Ms. Compton purchased a policy of health insurance through her employer. (*See* Ex. A attached to Defs.' Resp. to Pl.'s Mot. to Remand.) The policy was issued by defendant Congress Life Insurance Company of America ("Congress") and administered by defendant Corporate Benefit Services of America ("CBSA"). In November of 1994, plaintiff submitted an application to add her husband, Floyd Compton, as a dependent under this health insurance policy. (*See* Ex. C attached to Defs.' Resp. to Pl.'s Mot. to Remand.)

Ms. Compton alleges that she signed a blank application for insurance coverage for her husband and did not answer any of the health related questions on the application. (Compton Aff. ¶ 2.) She claims that H.R. Jones, Jr., ("Jones") acting as the agent of Congress, completed the insurance application to add her husband as an additional insured. (*Id.* at ¶¶ 2, 3.) Ms. Compton further states that Jones did not ask plaintiff or her husband any of the health related questions on the application. (*Id.*) Ms. Compton alleges that Jones knew Mr. Compton suffered from health problems at the time he completed the application for her, but failed to disclose these problems on the application. (Compl. at 3,4.) Ms. Compton also alleges that Jones made misrepresentations to her about the coverage of the health insurance

2

policy, and that she relied on these misrepresentations to her detriment. (*Id.*)

Plaintiff further contends that in January of 1996, defendants rescinded Mr. Compton's health coverage under Ms. Compton's insurance policy. (*Id.* at 4.) The basis for the denial of claims was that Ms. Compton failed to disclose on her application for insurance that Mr. Compton had received prior treatment for certain health conditions. (*Id.*) This denial of coverage is the basis for Ms. Compton's lawsuit.

On February 24, 1997, plaintiff filed a complaint against defendants in the Jefferson County Circuit Court of Alabama, alleging breach of contract, bad faith, negligent and wanton hiring, negligent and wanton supervision, and fraud. (*Id.* at 4-12.) Defendants filed a Notice of Removal, claiming that this court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) or, in the alternative, 28 U.S.C. § 1332. Plaintiff's Motion to Remand this action to state court is presently before the court.

## DISCUSSION

ERISA preempts all state claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). An "employee benefit plan" or "plan" means "an employee welfare benefit plan," an "employee pension benefit plan," or a plan which is both a welfare plan and a pension plan. 29 U.S.C. § 1002(3). "Employee welfare benefit plan" is defined in 29 U.S.C. § 1002(1). In *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982), the Eleventh Circuit construed § 1002(1) to require: (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship

3

funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries. *Id.* at 1371. Department of Labor Regulations provide that the term "employee benefit plan" does not include "any plan, fund, or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan." 29 C.F.R. § 2510.3-3(b) (1997).

29 C.F.R. § 2510.3-3(b) qualifies the definition of "employee benefit plan" by exempting from ERISA preemption those plans "under which no employees are participants covered under the plan." Thus, those plans under which only owners or part-owners of a business are covered are excluded from ERISA's preemptive reach. *See Meredith v. Time Ins. Co.*, 980 F.2d 352, 358 (5th Cir. 1993) (owner of business not "employee" for purposes of deciding whether plan exists and concluding that plan without employees is not regulated by ERISA). The regulation also suggests, however, that a plan covering non-owner employees as participants would be considered an "employee benefit plan" and would not be exempt from ERISA preemption.

Plaintiff's Motion to Remand turns on whether Ms. Compton's claims are excluded from ERISA preemption because of Department of Labor Regulation 29 C.F.R. § 2510.3-3(c)(1), which provides that "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse." 29 C.F.R. § 2510.3-3(c)(1)(1997). In determining whether an employee benefit plan exists, a number of circuit courts, relying on this regulation, have held business owners to be employers, and not

employees.[2] Plaintiff argues that Mr. Compton and plaintiff should be construed as "an individual and his or her spouse" under the regulation. However, the regulation is only intended to be used in determining whether an individual is an employee *for purposes of determining whether a plan exists*. In this case, an ERISA plan exists by virtue of the fact that at least six Floyd Compton Motors, Inc. employees obtained health insurance through their employer. Plaintiff's status as the wife of the sole owner of the business does not affect the existence of an "employee benefit plan" in which plaintiff was a participant.

Plaintiff's case presents a novel factual scenario, because, although Mr. Compton owned Floyd Compton Motors, Inc., plaintiff and her husband did not obtain health insurance coverage as a business owner and spouse, but as an employee and an employee's dependent. If Floyd Compton had purchased insurance for only himself and his spouse, 29 C.F.R. § 2510.3-3(c)(1) would apply and ERISA would not preempt the claims in this case. *See Brech v. Prudential Ins. Co. of America*, 845 F. Supp. 829, 834-5 (M.D. Ala. 1993) (holding that sole owner of a business was not an ERISA participant). However, the plaintiff in this case is Ms. Compton, who does not own any part of Floyd Compton Motors, Inc., and was an

---

[2] *See Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993) (sole proprietor cannot be both employer and employee for ERISA purposes; *Figarino v. Hartford Life and Accident Insurance Co.*, 969 F.2d 178 (6th Cir. 1992) (sole proprietor or sole shareholder is employer rather than employee, so, unlike his employees, he is neither participant nor beneficiary under ERISA), *cert denied*, 113 S.Ct. 1401 (1993); *Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957 (1st Cir. 1989) (sole shareholder/employee of corporation is employer for purposes of ERISA; he cannot also be employee); *Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir. 1989) ("employer cannot ordinarily be an employee or participant under ERISA"); *Peckham v. Bd. Of Trustees of the Int.'l Bhd. of Painters and Allied Trades Union*, 653 F.2d 424 (10th Cir. 1981) (sole proprietors precluded from dual status as employer-employee under ERISA).

employee at Floyd Compton Motors at the time her health insurance policy was issued.

Here, an employee benefit plan existed for the benefit of employees at Floyd Compton Motors, Inc. Floyd Compton Motors, Inc. paid the premiums for at least six of its employees' health insurance. (Ex. B attached to Defs.' Resp. to Pl.'s Mot. To Remand.) Plaintiff was an employee and participant in the plan. (*See* Ex. A attached to Defs.' Resp. to Pl.'s Mot. to Remand.) The Eleventh Circuit has observed that, where a company has an established employee benefit plan in which a sole owner and at least one employee participate, such insurance coverage qualifies as an employee welfare benefit plan under ERISA. *See Morstein v. National Ins. Services, Inc.*, 93 F.3d 715, 718 n. 5 (11th Cir. 1996). According to both the Eleventh Circuit's definition of "employee benefit plan" and 29 C.F.R. 2510.3-3(b), Floyd Compton Motors, Inc., administered an employee benefit plan under ERISA on behalf of its employees. Plaintiff participated in this plan by virtue of her status as an employee of the company. Therefore, plaintiff's claims "relate to" an "employee benefit plan" and ERISA's preemptive provisions confer federal question jurisdiction on the court to hear plaintiff's claims.

The facts of *Kulik v. Metropolitan Life Insurance Co.*, No. 96-1608-CIV-T-24(c), 1997 WL 401432 (M.D. Fla. April 30, 1997) are closely analogous to the facts of the current case. In *Kulik*, the plaintiff was the owner and sole shareholder of a tire business. The plaintiff claimed benefits under an insurance policy issued by the defendant and his claim was denied on the grounds that the policy had lapsed. The plaintiff brought an action in state court, the defendant removed the action to federal court on the basis of ERISA preemption, and the plaintiff moved to remand the action to state court, asserting that the insurance policy was not

subject to ERISA.

In *Kulik*, the parties did not dispute that an "employee welfare benefit plan" existed. The court found that, although plaintiff Kulik was the sole owner of the business, he was also a "participant" or "beneficiary" under the employee welfare benefit plan, and his claims were therefore subject to ERISA preemption. The opinion states in relevant part that:

> "[A]lthough sole-proprietors are not considered 'employees' for purposes of deciding whether a benefit plan has been established, once a plan is established (because other employees are covered by the plan in addition to the sole-proprietor), participants and beneficiaries of the plan, including any participant or beneficiary described in 29 C.F.R. § 2510.3-3(c), are bound by Title I of ERISA, including its preemption and claims review provisions. In other words, once a plan has been established, sole-proprietors who are covered under the plan and are considered participants or beneficiaries are subject to ERISA's claims procedures for purposes of those claims. The Court finds that the Plaintiff is a participant under the plan and subject to ERISA."

*Kulik* at *2.

This case is similar to *Kulik* because an employee benefit plan was established by Floyd Compton Motors, Inc., and the sole proprietor's spouse was covered under the plan. *Kulik* held that ERISA was applicable to the insurance claims of an owner and sole shareholder of a business where the business also provided coverage to certain of its other employees. Aside from the persuasive language of the *Kulik* opinion, plaintiff's status as an employee and non-owner of Floyd Compton Motors, Inc., further supports defendants' argument that this case was properly removed. The fact that Mr. Compton was temporarily insured as a dependent under his wife's policy does not bring plaintiff's claims within the scope of 29 C.F.R. § 2510.3-3(b).

7

## CONCLUSION

Plaintiff Jane Compton is an employee and participant with respect to an employee benefit plan established by Floyd Compton Motors, Inc. Mr. Compton, who was covered under plaintiff's health insurance policy as a dependent, is a beneficiary with respect to such plan, regardless of his status as sole owner of Floyd Compton Motors, Inc. Thus, Ms. Compton's claims are not exempted from ERISA's coverage by Department of Labor Regulation 29 C.F.R. § 2510.3-3, and ERISA preempts plaintiff's claims so as to provide a jurisdictional basis for removal. Accordingly, plaintiff's Motion to Remand is due to be denied.

An order denying plaintiff's Motion to Remand will be entered contemporaneously herewith.

**DONE** this 31st of March, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge