FILED
98 SEP -9 AM 9: 40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANE COMPTON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. CV-97-B-0753-S |
| CONGRESS LIFE INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

ENTERED
SEP 09 1998

## MEMORANDUM OPINION

Currently before the court are the motions for summary judgment filed by defendants Congress Life Insurance Company ("Congress"), Corporate Benefit Services of America, Inc. ("CBSA") and H.R. Jones, Jr. ("Jones"). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the motions for summary judgment are due to be granted.

Plaintiff Jane Compton ("Compton") brought this action on February 24, 1997, asserting state law claims of breach of contract (Count I), bad faith (Count II), negligence and wantonness (Counts III and IV) and fraud (Counts V and VI). The defendants timely removed the action contending, among other things, that the insurance at issue in this case was part of an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Compton filed a motion to remand contending that the insurance was not part of an employee benefit plan under ERISA. The parties extensively briefed the ERISA issue, and from the parties' submissions, the following facts appear to be undisputed:

19

(a) Floyd Compton Motors, Inc. is a corporation, which according to Compton, is solely owned by her husband, Floyd Compton.

(b) Jane Compton was an employee of Floyd Compton Motors, Inc. at all times relevant to this case, and was eligible for health insurance as an employee of the corporation.

(c) Floyd Compton Motors, Inc. provided health insurance benefits to Jane Compton and to at least six (6) other employees of the corporation. The corporation made the premium payments for the health insurance.

(d) Jane Compton had no ownership interest, either individually or jointly with her husband, in Floyd Compton Motors, Inc.

The insurance at issue in this case is a classic example of an ERISA employee benefit plan in that the insurance was a benefit of Compton's employment and was paid for by her employer. Compton's assertion that ERISA is not applicable seems to rest solely on her contention that the insurance is excluded from ERISA under the regulation found at 29 C.F.R. § 2510.3-3(c)(1).[1]

In an order and memorandum opinion dated March 31, 1998, this court concluded that Compton's claims related to an employee benefit plan under ERISA, and denied Compton's motion to remand. The reasons for this court's conclusion that ERISA is applicable to the insurance at issue in this case are set forth in detail in the court's March 31, 1998, memorandum opinion.

On April 17, 1998, a Rule 16 scheduling conference was held, and at that time the court asked counsel for Compton whether she intended to amend her complaint to assert a claim under ERISA. Although the court intended to freely grant plaintiff leave to amend her complaint, Compton's counsel indicated that she did not want to assert a claim under ERISA and thus would

---

[1] Compton has not contended that the insurance otherwise fails to meet the definition of an ERISA plan as set forth in cases such as *Donovon v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982) (en banc). Her argument that ERISA is not applicable is based entirely upon 29 C.F.R. § 2510.3-3(c)(1).

not amend her complaint to assert claims under ERISA. Instead, counsel indicated that Compton wanted to have this case proceed to final judgment on the merits of her state law claims in order to facilitate a possible appeal regarding the applicability of ERISA. Pursuant to the court's discussion with counsel on April 17, 1998, and by order dated April 21, 1998, the court directed the defendants to file motions for summary judgment with respect to the claims asserted in Compton's complaint. This resulted in the motions for summary judgment now before the court. On June 22, 1998, Compton filed a response to these motions, but the only argument she makes against the motions is that ERISA does not apply. In other words, she has simply repeated the arguments made in her motion to remand.

For the reasons set forth in the court's March 31, 1998, memorandum opinion, the court concludes that the insurance at issue in this case is an employee welfare benefit plan within the meaning of ERISA. Thus, Compton's claims relate to an ERISA employee benefit plan and are preempted by ERISA. All of the state law claims asserted by Compton in her complaint are preempted by ERISA. See e.g., *Randol v. Mid-West Nat. Life Ins. Co. of Tennessee*, 987 F.2d 1547, 1552 (11th Cir.), *cert. denied*, 510 U.S. 863 (1993). Since these are the only claims Compton has asserted in this action, the court concludes that the defendants are entitled to judgment as a matter of law.

An order entering final judgment in favor of all the defendants and against Compton will be entered contemporaneously herewith.

DONE this 9th day of September, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge